**WO**                                                                       KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carl Dwight Davis, | ) | No. CV 12-132-PHX-GMS (MHB) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

Petitioner Carl Dwight Davis, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. The Court will require an answer to the Petition.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 2005-127207-001 DT, of six counts of child molestation and one count of sex abuse and was sentenced to

**TERMPSREF**

a 28-year term of imprisonment. Petitioner names Charles L. Ryan as Respondent to the Petition and the Arizona Attorney General as an Additional Respondent.

Petitioner raises four grounds for relief:

(1) The trial court lacked subject matter jurisdiction because the indictment was factually deficient, in violation of Petitioner's due process rights;

(2) Petitioner's trial counsel was ineffective;

(3) Petitioner's due process rights and right to a fair trial were violated by numerous errors by the trial court; and

(4) Petitioner is actually innocent of the crimes for which he was convicted.

It is unclear whether Petitioner has exhausted each of these claims in state court. Even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Accordingly, the Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**III. Warnings**

**A. Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1        (5)    This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules
2 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
3 recommendation.

4        DATED this 27th day of February, 2012.

*H. Murray Snow*
G. Murray Snow
United States District Judge