WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Dwight Davis,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, Director of the Department of Corrections, et al.,<br><br>    Respondents. | No. CV-12-00132-PHX-GMS<br><br>**ORDER** |

  Pending before the Court are Petitioner Carl Dwight Davis's Petition for Writ of Habeas Corpus, (Doc. 1), and United States Magistrate Judge Michelle H. Burns's Report and Recommendation ("R&R"), (Doc. 22). The R&R recommends that the Court deny the petition. (Doc. 22 at 38.) Petitioner timely filed an objection to the R&R. (Doc. 25.) Thus, the Court will make a de novo determination of those portions of the R&R to which an objection is made. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts Magistrate Judge Burns's R&R and denies the petition.

## BACKGROUND

  On September 2, 2005, a grand jury indicted Petitioner with seven counts of Molestation of a Child and one count of Sexual Abuse. (Doc. 12-A, Item 4.) The indictment identified the victim as C.K., a child under the age of 15. The initial indictment alleged that the counts had occurred between May 1 and August 27, 2005, but

the State later amended the dates to January 31 and August 27, 2005. (*Id.*, Item 56.) It also amended the indictment to allege that Petitioner had three past felony convictions for Attempted Molestation of a Child, Possession or Use of Marijuana, and Possession or Use of Narcotic Drugs. The first conviction, which was the result of Petitioner entering an *Alford* plea, took place on June 14, 1985, over ten years before the underlying trial in the instant case. The State notified Petitioner of its intention to impeach him with his previous felony convictions and also to introduce evidence related to his prior conviction for attempted child molestation under Rules of Evidence 404(b) and (c).

Petitioner waived his right to a jury trial and his case was tried to Judge Bethany Hicks in Maricopa County Superior Court in March 2006. (*Id.*, Item 55.) The judge found Petitioner guilty of Counts Two through Eight but acquitted him on Count One. (*Id.*, Item 63.) She then sentenced him to six concurrent presumptive prison terms of 28 years for the six convictions of child molestation. She also imposed lifetime probation for Petitioner's sexual abuse conviction. (*Id.*. Item 68.)

On May 18, 2006, Petitioner appealed, raising two issues: (1) the trial court committed reversible error in allowing the State to use propensity evidence with a conviction obtained by an *Alford* plea over twenty years ago without making specific findings, and (2) the trial court erred by allowing the State to impeach Petitioner with two convictions of drug possession. The Arizona Court of Appeals confirmed his conviction and sentence in December 2007, holding among other things that Petitioner waived his objections by failing to raise them at trial and that it would assume the trial court made the requisite specific findings for the use of propensity evidence in the absence of evidence to the contrary. (Doc. 12-K.) Petitioner did not timely file a petition for review of this decision.

While his direct appeal was pending, Petitioner filed a notice of post-conviction relief *pro se*. His appointed counsel filed a notice of completion of post-conviction review of the record, avowing that he could find no colorable claims to raise. Thus, in November 2008, Petitioner filed his *pro per* Rule 32 petition. He alleged three grounds

for relief: (1) ineffective assistance of counsel, (2) the trial court's failure to comply with the specific findings requirements of Rule 404(c)(1)(D), and (3) the trial court's failure to comply with the specific on-the-record findings required by Rule 609(b). The State filed a response to the petition, and the trial court denied Petitioner's petition in March 2009 "for the reasons stated in the State's Response thereto." (Doc. 12-V.) Petitioner appealed this decision and the Arizona Court of Appeals summarily denied review on August 10, 2010. (Doc. 12-X.) On September 10, 2011, Petitioner filed a petition for review by the Arizona Supreme Court, raising the same claims as those raised in his appeal from the denial of his petition for post-conviction relief. The Arizona Supreme Court also summarily denied review.

In January 2011, Petitioner filed a petition for writ of habeas corpus in Pima County Superior Court. However, the pleading was returned to Petitioner because Pima County did not have jurisdiction over the case. Petitioner then filed an application seeking state habeas relief with the Arizona Supreme Court, raising for the first time the issue of whether the Maricopa County Superior Court lacked subject matter jurisdiction due to a flawed indictment. The Arizona Supreme Court dismissed the petition for being procedurally improper, as such claims must first be presented to the superior court pursuant to Rule of Criminal Procedure 32. Petitioner also filed a second *pro per* notice of post-conviction relief which was denied because it did not meet the procedural prerequisites for a successive Rule 32 petition.

On January 20, 2012, Petitioner filed the instant habeas petition in this Court, setting out four grounds for relief. First, he asserts the trial court lacked subject matter jurisdiction due to deficiencies in the charging instrument. (Doc. 1 at 6.) Second, he alleges that he is entitled to relief due to ineffective assistance of counsel. He sets forth seven grounds for finding that his counsel's performance was constitutionally deficient. (*Id.* at 7.) Third, he asserts that the state court errors, taken together, deprived him of a fair trial and violated his right to due process. These errors are premised on the trial court's admission of his prior convictions without specific findings on the record. (*Id.* at

8.) Finally, he claims that he is entitled to relief on actual innocence grounds. (*Id.* at 9.)

## DISCUSSION

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* § 2244 *et seq.* (2006). Under AEDPA, the Court may not grant habeas relief unless it concludes that the state's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2). Nor may the Court grant habeas relief under AEDPA unless the petitioner has exhausted his claim in state court. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999).

Judge Burns found that Ground One was procedurally defaulted and that Ground Four failed to state a basis for federal habeas relief. In addition, she found that Grounds Two and Three failed on the merits. (Doc. 22 at 14.) Petitioner objected to Judge Burns's R&R on Grounds One through Three, but conceded that he was not making "a substantive claim of actual innocence," but rather seeking to use actual innocence as a gateway to demonstrate the miscarriage of justice. (Doc. 25 at 20.) Moreover, he objected to Judge Burns' R&R on only three theories of ineffective assistance of counsel, one which he agrees was never previously introduced. (*Id.* at 15.) Thus, the Court addresses the habeas petition only on Grounds One through Three, and on Ground Three only those grounds raised in Petitioner's Objection.

**I.     Ground One: Lack of Subject Matter Jurisdiction**

    **A.     Legal Standard**

A petitioner is required to exhaust his claim in state court before bringing it in a federal habeas action. 28 U.S.C. § 2254(b)(1)(A). In this context, exhaustion requires a

petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. In Arizona, a petitioner is required to "fairly present" all claims he seeks to assert in his habeas proceeding first to the Arizona Court of Appeals either through direct appeal or the State's post-conviction relief proceedings. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). For a petitioner to have fairly presented his claims to the appropriate state courts, he must have described the operative facts and the federal legal theory that support his specific claim. *See Baldwin v. Reese*, 541 U.S. 27, 29, 31 (2004); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) ("Full and fair presentation . . . requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."), *cert. denied sub nom Ryan v. Scott*, 558 U.S. 1091 (2009).

If a petitioner has failed to "fairly present" his federal claims to the state courts—and has therefore failed to fulfill AEDPA's exhaustion requirement—the habeas court must determine whether state remedies are still available for the petitioner; if not, those claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas . . . ."). A habeas court will consider claims that the petitioner has procedurally defaulted only if he can demonstrate (1) cause for his failure to comply with state rules and actual prejudice or, in the very rare instance, (2) a miscarriage of justice. *See Dretke v. Haley*, 541 U.S. 386, 388–89 (2004). "Cause" means "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). It can also include a claim that petitioner's counsel provided ineffective assistance that caused the default. *Id.* at 488–89. But any ineffective assistance of counsel claim must have been properly presented itself to the state courts for it to serve as cause to excuse a procedural

default. *Id.* Even if a petitioner demonstrates cause for a procedural default, he must nevertheless show "prejudice" or that the supposed constitutional error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Finally, a miscarriage of justice is shorthand for a situation "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

**B.     Application**

As summarized above, Petitioner did not raise his argument regarding lack of subject matter jurisdiction due to a defective indictment either on direct appeal or in his first petition for post-conviction relief. Rather, he raised it for the first time in his second petition for post-conviction relief in Pima County Superior Court, which was rejected for lack of jurisdiction, and again in an application to the Supreme Court. Petitioner asserts that his claim for lack of subject matter jurisdiction is not subject to the procedural default bar. He first argues that procedural default does not apply to claims of "fundamental constitutional error." (Doc. 25 at 1.) Secondly, he claims that he did adequately exhaust this claim in state court by filing petitions for post-conviction relief in Pima County Superior Court and with the Arizona Supreme Court. (*Id.* at 6.)

"Fundamental constitutional error" is a ground for circumventing the requirement of exhaustion in California, but no similar mechanism exists under Arizona law. *See Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). Thus, Plaintiff's first argument against procedural default fails.

Petitioner's second argument is similarly unsuccessful. He asserts that the Pima County Superior Court had jurisdiction over his petition and that the Office of the Clerk violated Petitioner's fundamental rights when it returned his petition without docketing it or assigning it a case number. He asserts that the Pima County Superior Court had jurisdiction over his petition pursuant to the Arizona Constitution, which states that "[t]he superior court or any judge thereof may issue writs of mandamus, quo warranto, review,

certiorari, prohibition, and writs of habeas corpus on petition." Ariz. Const. Art. VI § 18. However, Petitioner overlooks the Arizona Rules of Criminal Procedure, which state that a proceeding for post-conviction relief is commenced only when a notice is filed "with the court in which the conviction occurred." Ariz. R. Crim. P. 32.4. Petitioner does not dispute that his conviction took place in Maricopa County Superior Court. Thus, for his petition to commence he would have had to file it in Maricopa rather than Pima County Superior Court. Similarly, Petitioner's action of filing an application directly with the Arizona Supreme Court was improper, as Rule 32.3 requires the claim for post-conviction relief to be first presented to the superior court. Petitioner raises no other argument that he properly exhausted his subject matter jurisdiction claim. Thus, this claim is procedurally defaulted unless he can show cause for his failure to exhaust his claim or that a fundamental miscarriage of justice would result from barring it.

Cause, as discussed above, may be satisfied by a showing of ineffective assistance of counsel. Petitioner must show that he was prevented from complying with the procedural rule by the ineffective assistance. However, none of Petitioner's claims of ineffective assistance relate to his failure to raise the subject matter jurisdiction issue in an earlier post-conviction proceeding. (*See* Doc. 1 at 7.) Thus, Petitioner has not shown that it was his counsel's deficient performance that prevented him from fairly presenting his subject matter jurisdiction claim to state court. Petitioner does not raise any other claims or facts that could constitute cause.

Petitioner does assert that the procedural errors and violations raised in his petition amount to a miscarriage of justice. (Doc. 25 at 19.) A successful miscarriage of justice claim requires a showing that the constitutional violations "'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393. That, in turn, requires presentation of new evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Here, Petitioner has provided no new evidence. The closest Petitioner comes to any evidence of actual innocence is a statement that

"[t]here was a complete absence of any medical or scientific (DNA) evidence in this case." (Doc. 1 at 9.) This is insufficient to make a showing of "miscarriage of justice." As noted above, Petitioner concedes that he is not seeking the substantive ground of actual innocence, but rather a claim that the fundamental errors in his trial caused a miscarriage of justice. (Doc. 25 at 20–21.) However, procedural errors like the ones raised by Plaintiff are insufficient to make that showing. Only new evidence that shows that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt will suffice. In the absence of such evidence, the Petitioner's claim on his First Ground for relief is denied.

## II.     Ground Two: Ineffective Assistance of Counsel

### A.     Legal Standard

The "clearly established" Supreme Court law governing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance, petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance" demanded in criminal cases. *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, review of counsel's performance is "extremely limited." *Coleman v. Calderon,* 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds,* 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland,* 466 U.S. at 689.

Petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance. *Id.* at 691–92; *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147 (2006) (stating that "a violation of the Sixth Amendment right to effective representation

is not 'complete' until the defendant is prejudiced"). To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). Petitioner bears the burden of proving prejudice, and the mere possibility that he suffered prejudice is insufficient to satisfy *Strickland*'s prejudice prong. *Cooper v. Calderon*, 255 F.3d 1104, 1109 (9th Cir. 2001). The court may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson v. Calderon*, 211 F.3d 1148, 1155 (9th Cir. 2000).

On habeas review, the court must give "substantial weight" to the state court's analysis of a claim of ineffective assistance. *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000). The petitioner must "do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly." *Bell v. Cone,* 535 U.S. 685, 698–99 (2002) (internal citation omitted). He must instead show that the state court applied *Strickland* in an "objectively unreasonable manner." *Id.*

### B.     Application

As stated above, Petitioner listed seven grounds for finding ineffective assistance of counsel, (Doc. 1 at 7), but objected to the Magistrate Judge's R&R on only three grounds, (Doc. 25 at 15–16.) Those grounds are: (1) trial counsel's failure to "challenge[] or raise[] the issue of the Maricopa County Superior Court's lack of subject matter jurisdiction," (2) its failure to "challenge the trial court's admission of evidence without first convening the required 404(c) hearing," and (3) its failure to "request the trial court to grant the 609(b)." (*Id.*)

Petitioner's claim of ineffective assistance of counsel on the ground that counsel never challenged the Maricopa County Superior Court's jurisdiction due to the defective

indictment has not been previously raised. Though Petitioner raised ineffective assistance of counsel as a ground for relief in his November 2008 Rule 32 petition, he did not present failure to object to subject matter jurisdiction as one of the reasons counsel's performance was deficient. (*See* Doc. 12-S.) His direct appeal, as summarized above, did not raise ineffective assistance of counsel at all. Petitioner does not argue in his Objection that he fairly presented this claim to state court, or that he has cause for his failure to do so. In addition, as discussed above, his argument that the alleged procedural error would result in a miscarriage of justice is without merit. Thus, Plaintiff has failed to exhaust his claim of ineffective assistance of counsel on the ground that counsel failed to object to the Maricopa County Superior Court's lack of subject matter jurisdiction. He is thus barred from raising this claim on his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A).

Petitioner's claim that counsel was ineffective for failing to challenge the admission of evidence without the proper balancing or findings required by Rules 404 and 609 were raised in his first Rule 32 petition. (*See id.*) The state trial court reviewing his petition denied it summarily, adopting the reasons set forth in the State's response to that petition, which stated that "[o]n direct appeal, the Arizona Court of Appeals addressed and rejected Petitioner's substantive claims involving Rules 404 and 609, and found no error. Thus, Petition[er] cannot demonstrate a reasonable probability that the verdict might have been affected by this non-error." (Doc. 12-T at 7.) The Court affords substantial weight to the trial court's decision. Petitioner must show that the state court trial court applied *Strickland* in an "objectively unreasonable manner" to succeed on this claim. *Bell*, 535 U.S. at 699.

Petitioner makes no argument that the trial court erred in its application of *Strickland* to his Rule 32 petition. His Objection merely restates his argument that counsel's performance was deficient for failing to challenge the first trial court's action without following "the established procedural rule." (Doc. 25 at 16.) Moreover, as the Magistrate Judge noted in her R&R, the admission of Petitioner's previous *Alford* plea was a reasonable tactical decision—counsel did not object to it coming in because

- 10 -

1  Petitioner's "primary defense was that [the victim's] mother had used her knowledge of
2  his prior child-molestation conviction to fabricate the current charges in an effort to
3  coerce him into not leaving her and taking their children." (Doc. 22 at 31.) As stated
4  above, acts or omissions that "might be considered sound trial strategy" do not constitute
5  ineffective assistance of counsel. Petitioner has thus failed to show that counsel's
6  performance fell "outside the wide range of professionally competent assistance." The
7  trial court reviewing his Rule 32 petition did not apply *Strickland* in a way that was
8  objectively unreasonable or contrary to clearly established federal law. Petitioner's claim
9  on this ground fails.

**III.    Ground Three: Procedural Errors at Trial**

Petitioner's third ground for relief is simply that "state errors denied a fair trial." (Doc. 1 at 8.) Petitioner sets out several errors which he asserts resulted in violating his right to due process. (*Id.*) All are premised on the trial court's use of Petitioner's prior convictions without making specific findings as required by the Rules of Evidence. (*Id.*) Petitioner previously raised this claim in his direct appeal from his conviction. (Doc. 12-H at 8.) The Arizona Court of Appeals affirmed his conviction. (Doc. 12-K.) To succeed on his federal petition, Petitioner must show that the Court of Appeals decision either resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2).

The admission of evidence at a state trial can be the grounds for federal habeas relief only if the evidentiary ruling renders a trial unfair in violation of a petitioner's due process rights. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). In turn, admission of evidence violates due process only when there are no permissible inferences that can be drawn from the evidence. *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991). Here, the Arizona Court of Appeals rejected Petitioner's argument that the admission of his prior convictions was unfair because Petitioner did not object to any of the evidence.

- 11 -

(Doc. 12-K at ¶ 4.) The court noted that the admission of Petitioner's previous *Alford* plea was part of his defense. (*Id.* at ¶ 5.) It also assumed that the trial court engaged in the proper Rule 609 balancing inquiry regarding Petitioner's previous drug convictions in light of the fact that Davis never specifically asked for such an inquiry to be made on the record. (*Id.* at ¶ 7.) As noted by Judge Burns, the Supreme Court has never held that improper use of prior crimes evidence to show propensity would violate due process. *Estelle*, 502 U.S. at 75 n.5. Thus, there is no "clearly established law" that is clearly contrary to the Court of Appeals' decision affirming Petitioner's conviction.

Petitioner argues that the admission of this evidence constituted "abuse of discretion, constitutional due process violations, fair trial violations and fundamental constitutional error." (Doc. 25 at 15.) But the mere recitation of these assertions does not make them true. Petitioner has failed to show how this evidence violated his right to due process, particularly in light of the fact that he was given advance notice of the prosecution's intent to use it at trial and nevertheless raised no objection. (Doc. 12-K at ¶¶ 3–5.) Thus, the decision was not an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

## CONCLUSION

Petitioner's claims on Ground One and partially Ground Two are procedurally defaulted. Further, he has failed to show that his claims on Grounds Two and Three were either contrary to clearly established federal law or involved an unreasonable application of the law to the facts.

**IT IS THEREFORE ORDERED** that Magistrate Judge Michelle Burns's Report and Recommendation (Doc. 22) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Carl Dwight Davis's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment on this matter.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because Davis has not made a

1 substantial showing of the denial of a constitutional right.
2     Dated this 10th day of September, 2013.

*G. Murray Snow*
United States District Judge